IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAFONTE MORGAN,<br><br>   Petitioner,<br><br>v.<br><br>DAVID PIERCE, Warden,<br>and ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>   Respondents.[1] | )<br>)<br>)<br>)<br>) Civ. No. 12-273-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

Lafonte Morgan. Pro se petitioner.

Maria Knoll. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

March 𝟭𝟮 , 2015
Wilmington, Delaware

---

[1]Warden David Pierce replaced former warden Perry Phelps, an original party to this proceeding. *See* Fed. R. Civ. P. 25(d).

**ROBINSON**, District Judge

## I. INTRODUCTION

Petitioner Lafonte Morgan ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 3) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set forth by the Delaware Supreme Court in *Morgan v. State*, 962 A.2d 248, 250-52 (Del. 2008), the facts leading to petitioner's conviction are as follows:

> The Dover Police Department began an investigation into possible drug dealing in the Dover East Mobile Home park ("Dover East") on July 11, 2007. Officer DiGirolomo ("DiGirolomo") of the Dover Police received a call from a confidential informant ("CI 365") stating that a black male nicknamed "VA" was selling drugs from his mobile home in Dover East, and that VA would soon be selling drugs near the mailboxes in Dover East. CI 365 stated that "VA" drove an older model maroon Toyota Camry with a Virginia registration. The Dover Police canvassed Dover East and located the vehicle in front of Morgan's residence, 252 Cameo Court in Dover East. However, the predicted drug sale near the mailboxes never occurred.
>
> Later, CI 365 contacted DiGirolomo again and told him that "VA" would leave his home within a minute and head to the local Safeway to sell approximately 70 ecstasy pills. Approximately two minutes later, DiGirolomo observed an older maroon Camry with Virginia plates leave Dover East. As DiGirolomo attempted to signal the driver to pull the car over as it turned onto the access road to the Safeway. While doing so, DiGirolomo observed two people in the car moving around. The car did not pull over for several hundred yards, even though nothing prevented the driver from pulling over immediately. DiGirolomo testified that in his experience, this behavior was consistent with an attempt to hide contraband.
>
> [Petitioner]'s girlfriend, Carissa Pharr ("Pharr"), was driving the car and [petitioner] was in the passenger seat. After stopping the car, Pharr appeared nervous, and Pharr and [petitioner] gave inconsistent stories as to their destination. When Pharr opened the glove box of the car to produce the vehicle's registration, a digital scale-often used to weigh drugs for sale-fell out. DiGirolomo asked Pharr and [petitioner] to step out of the car and searched it, finding a small

amount of crack cocaine on the front passenger seat. DiGirolomo did not locate any ecstasy pills. After the vehicle stop, Dover police detectives applied for a warrant to search Pharr's and [petitioner]'s home at 252 Cameo Court in Dover East. The affidavit narrated the above events at length, and described CI 365 as having in the past given information that had "proven to be accurate." A search warrant was issued and executed, and Dover police found, among other items, 7.6 grams of powder cocaine, 1.7 grams of crack cocaine, 8 ecstasy pills, a digital scale, and seven hundred dollars.

After the search of their home, Pharr and [petitioner] were taken to the hospital to determine whether they had ingested any ecstasy pills. An x-ray indicated Pharr had concealed the pills in her vagina. A nurse removed a bag from Pharr's vagina containing multiple ecstasy pills.

[Petitioner] filed a pre-trial motion to suppress the evidence obtained during the search of his home. [Petitioner] argued that based on the affidavit submitted in support of the search warrant, the police did not have probable cause to search [petitioner]'s home. The trial judge denied the motion, finding that there was probable cause for the warrant and a sufficient nexus between the police's information and [petitioner]'s home.

At trial, the State questioned Detective Pires ("Pires") about forfeiture forms signed by [petitioner]. Pires testified that forfeiture forms are presented to suspects in drug cases to give them the opportunity to claim any of the seized property, and that by signing the forms, [petitioner] had claimed ownership of the money seized from his person and his home. [Petitioner] signed the forms after he had invoked his right to remain silent. The prosecution attempted to introduce the forfeiture forms into evidence, but the trial judge sustained [petitioner]'s objection. [Petitioner] never requested, and the trial judge never gave, any curative instructions to the jury regarding Pires's testimony.

Pharr pled guilty to conspiracy to trafficking ecstasy and possession with intent to deliver ecstasy. (D.I. 19, Appendix to State's Ans. Br. in *Morgan v. State*, No.293, 2008, at B-70) During petitioner's trial, Pharr testified that the seized drugs were owned by her and petitioner jointly. (D.I. 3 at 33); *see Morgan v. State*, 35 A.3d 419 (Table), 2011 WL 6393531, at *2 (Del. Dec. 19, 2011).

In April 2008, a Delaware Superior Court jury found petitioner guilty of the following offenses: trafficking in cocaine (50-100 grams); delivery of cocaine;

2

maintaining a dwelling; two counts of second degree conspiracy; endangering the welfare of a child; two counts of possession of cocaine; trafficking in MDMA; possession of drug paraphernalia; possession with intent to deliver; and maintaining a vehicle. (D.I. 3 at 20) The jury found petitioner not guilty of possession with intent to deliver a non-narcotic schedule I controlled substance (ecstasy) and possession of drug paraphernalia. One count of use of marijuana was nolle prossed prior to trial. *Id.* The Superior Court sentenced petitioner to a total of fifty-eight years of incarceration, suspended after serving thirteen and a half years for probation; twelve of those years were mandatory. *Id.* at 21. The Delaware Supreme Court affirmed petitioner's convictions and sentence on direct appeal. *See Morgan v. State*, 962. A.2d at 255.

On November 13, 2009, petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61. (D.I. 3 at 25) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Morgan* 2011 WL 6393531, at *2.

Petitioner timely filed a § 2254 application in this court. (D.I. 3) The State filed an answer in opposition, asserting that the application should be denied in its entirety. (D.I. 16)

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that

3

a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a

4

petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable

5

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 526 U.S. 86, 98-103 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

6

## IV. DISCUSSION

Petitioner's application presents the following two grounds for relief: (1) the trial court erred when it failed to sua sponte give a curative jury instruction after sustaining an evidentiary objection; and (2) trial counsel provided ineffective assistance by failing to request a specific jury instruction regarding accomplice testimony.

### A. Claim One: Trial Court's Failure to Sua Sponte Give Curative Instruction

In claim one, petitioner contends that the trial court erred by failing to sua sponte give a curative instruction after sustaining a defense objection to the admission of forfeiture forms signed by petitioner.[2] Although petitioner presented this claim on direct appeal, he did not raise the issue during his trial. Consequently, the Delaware Supreme Court applied Delaware Supreme Court Rule 8 and only considered the argument under a plain error standard. See Morgan, 962 A.2d at 254. By applying the procedural bar of Rule 8, the Delaware Supreme Court articulated a "plain statement" under Harris v. Reed, 489 U.S. 255, 263-4 (1984), that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claim is not reviewed. See Campbell v. Burris, 515 F.3d 172, 182 (3d Cir. 2008).

---

[2]During the second day of trial, Chief Investigating Officer Pires of the Dover Police ("Pires"), was continuing his direct examination testimony about two property forfeiture forms that he had "filled out with [petitioner]" regarding $235 seized from petitioner's person and money that was seized from the residence. Morgan, 962 A.2d at 253-54. "At this point, defense counsel objected to admission into evidence of the police property forfeiture forms because the accused had invoked his Miranda rights and refused to give a statement prior to signing the forfeiture forms." Id. at 254. "The trial judge sustained the objection," and there was "no further defense trial application concerning the subject." Id.

7

Petitioner does not allege, and the court cannot discern, any cause for his procedural default of claim one. In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine is inapplicable, because petitioner has not provided any new reliable evidence of his actual innocence. Accordingly, the court will deny claim one as procedurally barred.

### B. Claim Two: Ineffective Assistance of Counsel

In claim two, petitioner contends that trial counsel was ineffective for failing to request a jury instruction pursuant to *Bland v. State*, 263 A.2d 286, 288 (Del. 1970) regarding the credibility of co-defendant Pharr's testimony. Petitioner presented this argument to the Delaware Supreme Court on post-conviction appeal, which denied the claim as meritless. Therefore, petitioner will only be entitled to habeas relief for this claim if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's

error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court correctly identified the *Strickland* standard applicable to petitioner's ineffective assistance of counsel claims. Thus, the Delaware Supreme Court's decision was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine if the Delaware Supreme Court reasonably applied *Strickland* in denying claim two as meritless. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens. *Harrington*, 562 U.S. at 105. In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

9

After reviewing petitioner's instant argument in context with the record, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying claim two. In *Bland*, the Delaware Supreme Court held that a jury must be instructed to use special caution when weighing uncorroborated accomplice testimony. *See Bland*, 263 A.2d at 288. However, in petitioner's case, there was physical evidence corroborating co-defendant Pharr's testimony that she and petitioner owned the drugs jointly. *See Morgan*, 962 A.2d at 254. As described by the Delaware Supreme Court in petitioner's direct appeal, the substantial physical evidence included a digital scale and piece of crack cocaine in the vehicle in which petitioner was a passenger; a scale and drug sale paraphernalia in the bedroom petitioner shared with Pharr; numerous contraband drugs found in the bedroom petitioner and Pharr shared; and $616 cash found in the residence petitioner and Pharr shared. *See Morgan*, 962 A.2d at 254-55. Given the existence of such corroborative physical evidence, the Delaware Supreme Court determined that *Bland* was inapplicable to petitioner's case, and denied the instant ineffective assistance of counsel claim as meritless. *See Morgan*, 2011 WL 6393531, at *2.

Petitioner has not provided any clear and convincing evidence in this proceeding to rebut the existence of the substantial physical evidence introduced during petitioner's trial. As such, the court accepts as correct the Delaware Supreme Court's factual determination that the substantial physical evidence at trial corroborated Pharr's accomplice testimony. *See Morgan*, 962 A.2d at 254. When viewed in context with the well-settled principle that "[s]tate courts are the ultimate expositors of state law," *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975), the court defers to the Delaware

Supreme Court's holding that the existence of such corroborating evidence rendered *Bland* inapplicable to petitioner's case.

An attorney does not provide ineffective assistance by failing to raise meritless arguments or objections. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Hence, trial counsel did not perform deficiently by failing to ask for a *Bland* jury instruction that was unavailable under state law.

For these reasons, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* when denying petitioner's instant argument. Accordingly, the court will deny claim two for failing to satisfy § 2254(d).

## V. CERTIFICATE OF APPEALABILITY

Having decided to deny the instant application, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may only issue when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

11

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI.   CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.